EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
FRANK D. KORTUM
Assistant United States Attorney
California Bar Number 110984
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5710
    Facsimile: (213) 894-7177
    E-mail: Frank.Kortum@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>$45,357.00 IN U.S. CURRENCY,<br><br>    Defendant. | No. CV 15-09989<br><br>**VERIFIED COMPLAINT FOR FORFEITURE**<br><br>21 U.S.C. § 881(a)(6)<br><br>[D.E.A.] |

    For its claim against the defendant currency, described more particularly below, the United States of America alleges:

JURISDICTION AND VENUE

    1.  This is a civil forfeiture action brought pursuant to 21 U.S.C. § 881(a)(6).

    2.  This court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in this district pursuant to 28 U.S.C. § 1395(b).

PERSONS AND ENTITIES

4. The plaintiff is the United States of America.

5. The defendant is $45,357.00 in United States currency (the "defendant currency"). The defendant currency was seized from a residence in Los Angeles, California[1] on April 14, 2015, during the execution of a State of California search warrant by Drug Enforcement Administration ("D.E.A.") agents and Montebello Police Department ("M.P.D.") officers.

6. The defendant currency is currently in the custody of the United States Marshals Service in this District, where it shall remain subject to this court's jurisdiction during the pendency of this action.

7. The interests of Rodney Millar ("Millar") and Natalie Sookuen Chan Sun ("Sun") may be adversely affected by these proceedings.

EVIDENCE SUPPORTING FORFEITURE

8. As part of an investigation into the sale and distribution of heroin and cocaine in Los Angeles, D.E.A. agents and M.P.D. officers initiated surveillance of Juan Verduga Plaza ("Plaza") and Fabricio Aguilar ("Aguilar") on April 14, 2015.

9. The investigators observed Plaza and Aguilar enter a Chevrolet Camaro in the vicinity of Broden Street in Anaheim, California, and drive the vehicle to a residence located in Los

---

[1] Pursuant to Local Rule 5.2-1, only the city and state of the residence is listed.

1  Angeles, California (the "Los Angeles Residence"), arriving at
2  approximately 1:50 p.m.  Aguilar then opened the trunk of the
3  vehicle, removed a large duffle bag that appeared to be heavy,
4  and carried the duffle bag into the Los Angeles Residence.
5      10.  At approximately 2:15 p.m., someone traveling in a
6  large white van drove the vehicle up the driveway of the Los
7  Angeles Residence.  An unidentified male exited the van and
8  walked into the Los Angeles Residence carrying a large plastic
9  garbage bag that appeared to be heavy.  A few minutes later the
10 unidentified male returned to the van carrying a small plastic
11 bag, and drove the van away from the Los Angeles Residence.
12     11.  At approximately 2:20 p.m., Aguilar walked out of the
13 Los Angeles Residence and returned to the Camaro while carrying
14 a large duffle bag and a smaller bag.  The Camaro then departed
15 the Los Angeles Residence and was driven to a residence located
16 in Garden Grove, California (the "Garden Grove Residence").
17 Upon arrival at the Garden Grove Residence, Aguilar opened the
18 trunk of the Camaro, appeared to grab something out of the
19 trunk, and entered the Garden Grove Residence.
20     12.  At approximately 5:20 p.m., while Aguilar was still
21 inside the Garden Grove Residence, someone traveling in a
22 Volkswagen Passat drove the vehicle into the driveway of the
23 Garden Grove Residence.  A female later identified as Genisa
24 Iglesias ("Iglesias") entered the Garden Grove Residence,
25 emerged a few minutes later, and drove away in the Passat.
26     13.  At approximately 6:55 p.m. a California Highway Patrol
27 officer stopped the Passat on Harbor Boulevard in Garden Grove
28 for a traffic violation.  During the traffic stop a trained

3

narcotics detection canine alerted to (A) a duffle bag located in the trunk of the Passat; and (B) interior panels of the Passat.  $352,729.00 in U.S. Currency was seized from the interior of the Passat.  Iglesias stated that she had picked up the currency "from some guy off of Newell Street."  The currency seized from the Passat is not the subject matter of this civil forfeiture action.

    14.  At approximately 8:30 p.m., state court search warrants were obtained for the Los Angeles Residence, the Garden Grove Residence, and the Camaro.  At the Garden Grove Residence, the investigators searched the Camaro (which was situated at the residence) and seized approximately 18 kilograms of cocaine and 4 kilograms of heroin.  Three firearms were seized from inside the Garden Grove Residence itself.  The search of the Los Angeles Residence occurred at approximately 10:30 p.m.  During the search of the Los Angeles Residence, the investigators seized six firearms from various rooms throughout the Los Angeles Residence, the defendant currency (found in the bedroom of the Los Angeles Residence), and a large tub filled with marijuana.  The Los Angeles Residence was occupied by Millar and Sun.

    15.  Based on the above, the government alleges that the defendant currency represents or is traceable to proceeds of illegal narcotics trafficking, was intended to be used in one or more exchanges for a controlled substance or listed chemical, or was used to facilitate one or more exchanges for a controlled substance, in violation of 21 U.S.C. § 841 et seq.  The defendant currency is therefore subject to forfeiture pursuant

4

to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States prays that due process issue to enforce the forfeiture of the defendant currency, due notice be given to all interested parties to appear and show cause why forfeiture should be not be decreed, that this court decree forfeiture of the defendant currency to the United States of America for disposition according to law, and for such other and further relief as this court may deem just and proper, together with the costs and disbursements of this action.

DATED: December 30, 2015        EILEEN M. DECKER
                                United States Attorney
                                LAWRENCE S. MIDDLETON
                                Assistant United States Attorney
                                Chief, Criminal Division
                                STEVEN R. WELK
                                Assistant United States Attorney
                                Chief, Asset Forfeiture Section


                                         /s/
                                _____
                                FRANK KORTUM
                                Assistant United States Attorney
                                Asset Forfeiture Section

                                Attorneys for Plaintiff
                                United States of America

## VERIFICATION

I, JUSTIN R. ZAPANTA, hereby declare that:

1. I am a Special Agent with the Drug Enforcement Administration and am the case agent for the forfeiture matter entitled <u>United States v. $45,357.00 in U.S. Currency</u>.

2. I have read the above Verified Complaint for Forfeiture and know its contents. It is based upon my own personal knowledge and reports provided to me by other law enforcement agents.

3. Everything contained in the Complaint is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed December 18, 2015 in Los Angeles, California.

_____
JUSTIN R. ZAPANTA
SPECIAL AGENT - DEA