1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) Case No.: CV 15-9989-DMG (AJWx) |
|---|---|
| Plaintiff, | ) **PARTIAL CONSENT JUDGMENT AS TO** |
| vs. | ) **$12,000.00 OF THE DEFENDANT** |
|  | ) **CURRENCY ONLY [26]** |
| $45,357.00 IN U.S. CURRENCY, | ) |
| Defendant. | ) **[NOTE: THIS JUDGMENT RESOLVES** |
|  | ) **THE CLAIM OF RODNEY MILLAR, BUT** |
| NATALIE S. SUN AND RODNEY MILLAR, | ) **IS NOT DISPOSITIVE OF THE CASE]** |
| Claimants. | ) |

Plaintiff United States of America ("plaintiff" or the "government") and Rodney Millar ("Millar") have entered into a stipulated request for the entry of this partial consent judgment of forfeiture resolving all interest claimant Millar may have in the defendant $45,357.00 in U.S. Currency ("defendant currency").

This civil forfeiture action was commenced on December 30, 2015. Plaintiff gave notice of this action as required by Supplemental Rule G(4)(a) of the Federal Rules of Civil Procedure and the Local Rules of this Court. Notice of this action was published as required by Rule G(4)(1)(iv)(C) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions.

Natalie S. Sun ("Sun") filed a verified claim to $33,357.00 of the defendant currency on March 29, 2016 (Dkt. 14), and an answer on April 11, 2016 (Dkt. 15). Millar filed a claim to $12,000.00 of the defendant currency on July 6, 2016 (Dkt. 23). No other party has made, or is believed to have, any claim to any of the defendant currency described herein, and the time for filing claims has expired.

The Court has been duly advised of and has considered the matter. Based upon the mutual consent of the parties hereto and good cause appearing therefor, the Court hereby **ORDERS, ADJUDGES AND DECREES** that (A) Plaintiff United States of America shall have judgment to $8,400.00 of the defendant currency, plus all interest earned by the government on the $12,000.00 of the defendant currency claimed by Millar since seizure; (B) $3,600.00 of the defendant currency, without interest, shall

be returned to Millar via ACH deposit to claimant Millar's attorney, Jacek W. Lentz, The Lentz Law Firm, P.C., 1200 Wilshire Blvd, Suite 406, Los Angeles, CA 90017, pursuant to instructions to be provided by Mr. Lentz; and (C) no person or entity other than Sun may claim any right, title or interest as to the remaining portion of the defendant currency ($33,357.00).

The Court finds that:

A. Millar has released the government, its agencies, agents, and officers, including employees and agents of the Drug Enforcement Administration ("DEA"), from any and all claims, actions or liabilities arising out of or related to the seizure and retention of the defendant currency and/or the commencement of this civil forfeiture action, including, without limitation, any claim for attorneys' fees, costs or interest that may be asserted on behalf of Millar against the government, whether pursuant to 28 U.S.C. § 2465 or otherwise.

B. Millar has waived any rights he may have to petition for remission or mitigation of the forfeiture described in this stipulation and the proposed consent judgment.

C. There was reasonable cause for the seizure of the defendant currency claimed by Millar and the institution of this action.  This consent judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465 as to the $12,000.00 claimed by Millar.

Each of the parties shall bear its own fees and costs in

connection with the seizure, retention and return of the defendant currency.

DATED: September 7, 2016

                                                DOLLY M. GEE
                                    UNITED STATES DISTRICT JUDGE