EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
FRANK D. KORTUM
California State Bar No. 110984
Assistant United States Attorney
Asset Forfeiture Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5710
    Facsimile: (213) 894-7177
    E-mail: Frank.Kortum@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CV 15-09989-DMG (AJWx) |
| Plaintiff, | |
| v. | **PROTECTIVE ORDER** |
| $45,357.00 IN U.S. CURRENCY, | |
| Defendant. | |
| NATALIE SUN | |
| Claimant. | |

//
//
//
/
//

1.   INTRODUCTION

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties to this action have stipulated and requested that the Court to enter the following Stipulated Protective Order ("Order").  In their stipulation, the parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.  Pursuant to the stipulation and request of the parties, and good cause appearing, IT IS HEREBY ORDERED as follows:

2.   DEFINITIONS

The following definitions apply to this Order:

2.1   Action:   this pending federal lawsuit.

2.2   Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil

1  Procedure 26(c).

2      2.4  <u>Counsel (without qualifier)</u>:  Counsel of Record (as well as

3  their support staff).

4      2.5  <u>Designating Party</u>:  a Party or Non-Party that designates

5  information or items that it produces in disclosures or in responses

6  to discovery as "CONFIDENTIAL."

7      2.6  <u>Disclosure or Discovery Material</u>:  all items or

8  information, regardless of the medium or manner in which it is

9  generated, stored, or maintained (including, among other things,

10  testimony, transcripts, and tangible things), that are produced or

11  generated in disclosures or responses to discovery in this matter.

12      2.7  <u>Expert</u>:  a person with specialized knowledge or experience

13  in a matter pertinent to the litigation who has been retained by a

14  Party or its counsel to serve as an expert witness or as a consultant

15  in this action.

16      2.8  <u>Non-Party</u>:  any natural person, partnership, corporation,

17  association, or other legal entity not named as a Party to this

18  action.

19      2.9  <u>Party</u>:  any party to this action, including all of its

20  officers, directors, employees, consultants, and retained experts.

21      2.10  <u>Producing Party</u>:  a Party or Non-Party that produces

22  Disclosure or Discovery Material in this action.

23      2.11  <u>Professional Vendors</u>:  persons or entities that provide

24  litigation support services (e.g., photocopying, videotaping,

25  translating, preparing exhibits or demonstrations, and organizing,

26  storing, or retrieving data in any form or medium) and their

27  employees and subcontractors.

28      2.12  <u>Protected Material</u>:  any Disclosure or Discovery Material

3

1  that is designated as "CONFIDENTIAL."

2       2.13 <u>Receiving Party</u>:  a Party that receives Disclosure or

3  Discovery Material from a Producing Party.

4  3.   <u>SCOPE</u>

5       The protections conferred by this Order cover not only Protected

6  Material (as defined above), but also (1) any information copied or

7  extracted from Protected Material; (2) all copies, excerpts,

8  summaries, or compilations of Protected Material; and (3) any

9  testimony, conversations, or presentations by Parties or their

10 Counsel that might reveal Protected Material.  However, the

11 protections conferred by this Order do not cover the following

12 information: (a) any information that is in the public domain at the

13 time of disclosure to a Receiving Party or becomes part of the public

14 domain after its disclosure to a Receiving Party as a result of

15 publication not involving a violation of this Order, including

16 becoming part of the public record through trial or otherwise; and

17 (b) any information known to the Receiving Party prior to the

18 disclosure or obtained by the Receiving Party after the disclosure

19 from a source who obtained the information lawfully and under no

20 obligation of confidentiality to the Designating Party.  Any use of

21 Protected Material at trial shall be governed by a separate agreement

22 or order.

23 4.   <u>DURATION</u>

24      Even after final disposition of this litigation, the

25 confidentiality obligations imposed by this Order shall remain in

26 effect until a Designating Party agrees otherwise in writing or a

27 court order otherwise directs.  Final disposition shall be deemed to

28 be the later of (1) dismissal of all claims and defenses in this

1  action, with or without prejudice; and (2) final judgment herein

2  after the completion and exhaustion of all appeals, rehearings,

3  remands, trials, or reviews of this action, including the time limits

4  for filing any motions or applications for extension of time pursuant

5  to applicable law.

6  5.   DESIGNATING PROTECTED MATERIAL

7      5.1   Exercise of Restraint and Care in Designating Material for

8  Protection.  Each Party or Non-Party that designates information or

9  items for protection under this Order must take care to limit any

10  such designation to specific material that qualifies under the

11  appropriate standards.  The Designating Party must designate for

12  protection only those parts of material, documents, items, or oral or

13  written communications that qualify – so that other portions of the

14  material, documents, items, or communications for which protection is

15  not warranted are not swept unjustifiably within the ambit of this

16  Order.  Mass, indiscriminate, or routinized designations are

17  prohibited.  Designations that are shown to be clearly unjustified or

18  that have been made for an improper purpose (e.g., to unnecessarily

19  encumber or retard the case development process or to impose

20  unnecessary expenses and burdens on other parties) expose the

21  Designating Party to sanctions.  If it comes to a Designating Party's

22  attention that information or items that it designated for protection

23  do not qualify for protection, that Designating Party must promptly

24  notify all other Parties that it is withdrawing the mistaken

25  designation.

26      5.2   Manner and Timing of Designations.  Except as otherwise

27  provided in this Order (see, e.g., second paragraph of section 5.2(a)

28  below), or as otherwise stipulated or ordered, Disclosure or

1    Discovery Material that qualifies for protection under this Order

2    must be clearly so designated before the material is disclosed or

3    produced.

4         Designation in conformity with this Order requires:

5         (a)  for information in documentary form (e.g., paper or

6    electronic documents, but excluding transcripts of depositions or

7    other pretrial or trial proceedings), that the Producing Party affix

8    the legend "CONFIDENTIAL" to each page that contains protected

9    material.  If only a portion or portions of the material on a page

10   qualifies for protection, the Producing Party also must clearly

11   identify the protected portion(s) (e.g., by making appropriate

12   markings in the margins).  A Party or Non-Party that makes original

13   documents or materials available for inspection need not designate

14   them for protection until after the inspecting Party has indicated

15   which material it would like copied and produced.  During the

16   inspection and before the designation, all of the material made

17   available for inspection shall be deemed "CONFIDENTIAL."  After the

18   inspecting Party has identified the documents it wants copied and

19   produced, the Producing Party must determine which documents, or

20   portions thereof, qualify for protection under this Order.  Then,

21   before producing the specified documents, the Producing Party must

22   affix the "CONFIDENTIAL" legend to each page that contains Protected

23   Material.  If only a portion or portions of the material on a page

24   qualifies for protection, the Producing Party also must clearly

25   identify the protected portion(s) (e.g., by making appropriate

26   markings in the margins).

27        (b)  for testimony given in deposition or in other pretrial or

28   trial proceedings, that the Designating Party identify on the record,

before the close of the deposition, hearing, or other proceeding, all protected testimony.

   (c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

  5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

  6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

  6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each

challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

        6.3  <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party

8

may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1   <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2  <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Counsel of Record in this action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)  the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the Court and its personnel;

(e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions

that reveal Protected Material must be separately bound by the Court reporter and may not be disclosed to anyone except as permitted under this Order.

(g)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)   promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging

11

a Receiving Party in this action to disobey a lawful directive from another court.

9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)   The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL."   Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.   Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)   make the information requested available for inspection by the Non-Party.

(c)   If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-

12

Party's confidential information responsive to the discovery request.
If the Non-Party timely seeks a protective order, the Receiving Party
shall not produce any information in its possession or control that
is subject to the confidentiality agreement with the Non-Party before
a determination by the Court.  Absent a court order to the contrary,
the Non-Party shall bear the burden and expense of seeking protection
in this Court of its Protected Material.

10.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

     If a Receiving Party learns that, by inadvertence or otherwise,
it has disclosed Protected Material to any person or in any
circumstance not authorized under this Stipulated Protective Order,
the Receiving Party must immediately (a) notify in writing the
Designating Party of the unauthorized disclosures, (b) use its best
efforts to retrieve all unauthorized copies of the Protected
Material, (c) inform the person or persons to whom unauthorized
disclosures were made of all the terms of this Order, and (d) request
such person or persons to execute the "Acknowledgment and Agreement
to Be Bound" that is attached hereto as Exhibit A.

11.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
     MATERIAL

     When a Producing Party gives notice to Receiving Parties that
certain inadvertently produced material is subject to a claim of
privilege or other protection, the obligations of the Receiving
Parties are those set forth in Federal Rule of Civil Procedure
26(b)(5)(B).  This provision is not intended to modify whatever
procedure may be established in an e-discovery order that provides
for production without prior privilege review.  Pursuant to Federal
Rule of Evidence 502(d) and (e), insofar as the parties reach an

13

1  agreement on the effect of disclosure of a communication or

2  information covered by the attorney-client privilege or work product

3  protection, the parties may incorporate their agreement in the

4  stipulated protective order submitted to the court.

5  12.   <u>MISCELLANEOUS</u>

6       12.1 Right to Further Relief.  Nothing in this Order abridges

7  the right of any person to seek its modification by the court in the

8  future.

9       12.2 Right to Assert Other Objections.  By stipulating to the

10  entry of this Order no Party waives any right it otherwise would have

11  to object to disclosing or producing any information or item on any

12  ground not addressed in this Order.  Similarly, no Party waives any

13  right to object on any ground to use in evidence of any of the

14  material covered by this Order.

15       12.3 Filing Protected Material.  Without written permission from

16  the Designating Party or a court order secured after appropriate

17  notice to all interested persons, a Party may not file in the public

18  record in this action any Protected Material.  A Party that seeks to

19  file under seal any Protected Material must comply with Civil Local

20  Rule 79-5.2.2.  Protected Material may only be filed under seal

21  pursuant to a court order authorizing the sealing of the specific

22  Protected Material at issue.  Pursuant to Civil Local Rule 79-5.2.2

23  (a)(ii), a sealing order will issue only upon a showing of good cause

24  why the strong presumption of public access in civil cases should not

25  be overcome.  If the Court denies a request to file Protected

26  Material under seal pursuant to Civil Local Rule 79-5, then the

27  Protective Material may be filed in the public record unless

28  otherwise instructed by the Court.

13. <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such

archival copies that contain or constitute Protected Material remain

subject to this Protective Order as set forth in Section 4

(DURATION).


Dated: November 29, 2016

_____
UNITED STATES DISTRICT JUDGE


Presented by:

EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

_____/s/ *Frank Kortum*_____
FRANK D. KORTUM
Assistant United States Attorney

Attorney for Plaintiff

<u>EXHIBIT A</u>

**<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>**

I, _____ *[print or type full name]*, of _____ *[print or type full address]*, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on October 20, 2016 in the case of <u>U.S. v. $45,357.00 in U.S. Currency</u>; CV 15-09989-DMG (AJWx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ *[print or type full name]* of _____ *[print or type full address and telephone number]* as my California

17

agent for service of process in connection with this action or any
proceedings related to enforcement of this Stipulated Protective
Order.

Date: _____

City and State where sworn and signed:
_____

Printed name: _____
Signature: _____